## ROBERT CREIGHTON v. FRANCIS KELLERMANN.

1. In an answer or reply, there must be a general or specific denial of each material allegation which it is intended to controvert; a single statement that each and all of the allegations are denied, is good as a general denial; but if the denial be intended to be specific, and facts are introduced for that purpose, it must appear, by averment, to which of the material allegations those facts are intended to reply.

2. A general motion to make the reply more definite and certain, will lie where the plaintiff makes allegations of fact in a reply, not addressed to any particular material allegation in an answer setting up a counter-claim; and concludes with a general denial of every allegation in the answer not inconsistent with the reply.

SPECIAL TERM.—On motion to make the reply more definite and certain. Petition on a promissory note made by defendant. The answer admits the execution of the note, and by way of counter-claim, alleges that the note was given for the payment of certain specified lumber, agreed to be furnished under a written contract of sale made between the parties, and that afterward, on delivery, it was discovered that part of the lumber was inferior, and not according to contract, to defendant's damage, etc.

Plaintiff then replies, alleging, in detail, his understanding of the nature and terms of the agreement between the parties, and without making a specific denial of the written contract, concludes as follows: "And the plaintiff denies all and singular the statements and allegations in said answer, which are or may be inconsistent with the truth of the statement in this replication; and also denies that the defendant has suffered damages in the sum of twelve hundred dollars, or in any sum or sums whatsoever, by reason of any act, omission, or neglect of the plaintiff in the premises."

*Bates & Scarborough,* for plaintiff.

*Ferguson & Long,* for defendant.

GHOLSON, J. It is not stated in the motion in what particulars the reply is indefinite and uncertain.

Upon such a general motion, the court will only look at the pleading, to see if it presented any matter which could be regarded as a denial of a material allegation in the counter-claim, or as new matter intended to be presented as a defense, and showing with sufficient clearness which it was—but if a party can not put his finger upon something specific to be made definite and certain, he can not show in what particular it is deficient, and a general motion will suffice.

2. A denial may be general or specific. If general, there can be no objection to a single statement that each and all of the allegations in a pleading, are denied. But if the denial be intended to be specific, and facts are introduced for that purpose into the pleading, it must appear, by averment, to which of the material allegations in the pleading those facts are intended to reply. There must be a *general* or a *specific* denial of each material allegation which it is intended to controvert. The denial can not be made at the same time general and specific, or to be construed, one or the other, as may be claimed by the pleader.

3. When a counter-claim set out a contract for the sale and delivery of lumber, and the giving of the note sued on as a part of the consideration, the breach of the contract and damages, and a reply set out certain transactions explaining the dealings as to the lumber, but not addressed to any one of the material allegations in the counter-claim, and then concluded with a general denial of every allegation inconsistent with the statements in the reply, the motion to make definite and certain must be sustained.

Motion sustained.